IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| SIERRA SAXERUD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | Division: |
| T-H PROFESSIONAL AND ) | |
| MEDICAL COLLECTIONS, LTD., ) | |
| ) | |
| Serve registered agent at: ) | |
| State Agent and Transfer Syndicate, Inc. ) | |
| 112 North Curry Street ) | |
| Carson City, Nevada 89703 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Sierra Saxerud, through her counsel of record, and for her Petition against Defendant T-H Professional and Medical Collections, Ltd., states:

### Parties and Jurisdiction

1. Plaintiff Sierra Saxerud ("Saxerud") is an individual who resides in St. Louis County, Missouri.

2. Defendant T-H Professional and Medical Collections, Ltd. ("THP") is a Nevada corporation who at all times material to this petition been in good standing to transact business.

3. THP states online that it "offers decades of experience in the debt collection industry."

4. THP's recording for incoming calls identifies itself as a "debt collector."

5. Jurisdiction is proper in the Court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(2)(d), because this Court is a court of competent jurisdiction to adjudicate actions brought under the FDCPA.

**Background**

6. In late November or early December 2019, THP called Saxerud concerning a purported medical debt that it claimed Saxerud owed to Central Illinois Radiological Associates.

7. The THP representative advised Saxerud that the debt "had hit the credit bureau" and then asked Saxerud if she wished to pay the debt.

8. The debt had not been reported to any credit bureau and did not appear on Saxerud's credit report at the time the THP representative told Saxerud that the debt "had hit the credit bureau."

9. The THP representative told Saxerud that the debt "had hit the credit bureau" as a way to pressure her to pay the purported debt.

10. On December 3, 2019, THP sent Saxerud a letter stating that she owed $162.89 to Central Illinois Radiological Associates.

11. The amount THP asserted to be owed was a larger amount than what Saxerud owed to Central Illinois Radiological Associates.

**Count I – Violations of the Fair Debt Collection Practices Act,
15  U.S.C. §1692, *et seq.***

12. Saxerud incorporates the allegations of the previous paragraphs as if fully stated in this Count.

13. Saxerud is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because she is a natural person and is alleged by THP to owe a debt.

14. This lawsuit concerns a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5), because THP alleged Saxerud owed a sum of money arising out of a transaction that was primarily for personal, family or household purposes.

15. THP is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to other entities.

16. THP is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

17. THP's actions violate the FDCPA, 15 U.S.C. §1692e(2)(A), because it falsely stated that the debt had "hit the credit bureaus."

18. THP's actions violate the FDCPA, 15 U.S.C. §1692e(2)(A), because it falsely stated that amount of the debt that Saxerud owed.

19. THP's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive practice to collect or attempting to collect a debt from Saxerud by representing that she owed an amount she did not owe.

20. THP's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive practice to collect or attempting to collect a debt from Saxerud by falsely representing that the debt had "hit the credit bureaus."

21. THP's actions violate the FDCPA, 15 U.S.C. §1692f, because it used an unfair or unconscionable means to collect a debt by using an inflated and false amount of a debt purportedly owed as a basis to collect or attempt to collect from Saxerud.

22. THP's actions violate the FDCPA, 15 U.S.C. §1692f, because it used an unfair or unconscionable means to collect a debt by representing that the debt had been reported to the credit bureaus as a way to pressure Saxerud into paying the debt.

23. Saxerud incurred stress and anxiety because of THP's improper collection efforts.

24. Due to THP's illegal conduct as described above, Saxerud is entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1).

25. Due to THP's illegal conduct as described above, Saxerud is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. §1692k(a)(2)(A).

26. Due to THP's illegal conduct as described above, Saxerud is entitled to costs and attorneys' fees under the FDCPA, 15 U.S.C. §1692k(a)(3).

WHEREFORE Plaintiff Sierra Saxerud requests that the Court enter a judgment against Defendant T-H Professional and Medical Collections, Ltd. for all actual damages, statutory damages and attorney's fees available under the Fair Debt Collection Practices Act and for his court costs, and all applicable pre-judgment and post-judgment interest.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Attorneys for Plaintiff Sierra Saxerud