# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SIERRA SAXERUD ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-00683-JAR |
| ) | |
| T-H PROFESSIONAL & MEDICAL ) | |
| COLLECTIONS LTD., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Change Venue pursuant to 28 U.S.C. § 1404(a) and Federal Rules of Civil Procedure 12(b)(3). (Doc. 8). Plaintiff has filed a memorandum in opposition to the motion. (Doc. 11). For the reasons discussed below, this Court will deny Defendant's motion.

### Background

This case was originally brought in state court and removed to this Court by Defendant. (Doc. 1). Plaintiff claims that Defendant misrepresented the amount owed and status of an outstanding medical debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Defendant, whose offices and records are located in Peoria, Illinois, seeks transfer of this case to the Central District of Illinois.

### Legal Standard

28 U.S.C. § 1404 governs the ability of a federal district court to transfer a case to another district. The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The statute "reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In making this evaluation, the interests of justice factor "is weighed very heavily." *Dube v. Wyeth LLC*, 943 F.Supp.2d 1004, 1007 (E.D. Mo. 2013).

These statutory factors demand "individualized, case-by-case consideration." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Accordingly, in determining whether transfer is appropriate, courts should also consider "1) the convenience of the parties; 2) the convenience of non-party witnesses; 3) the availability of the judicial process to compel testimony from hostile witnesses; 4) the governing law; 5) relative ease of access to sources of proof; 6) possibility of delay and prejudice if transfer is granted; and 7) practical considerations of cost and efficiency." *Continental Cas. Co. v. Olin Corp.*, No. 4:10-CV-343 JCH, 2010 WL 5647120, at *1 (E.D.Mo. July 30, 2010) (quoting *Anheuser-Busch, Inc. v. City Merch.*, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001)). To succeed, the moving party must demonstrate that the balance of the factors "strongly favors" transfer. *Watson v. Credit Control, LLC*, No. 4:19-cv-137 HEA, 2020 WL 709251, at *1 (E.D. Mo. Feb. 12, 2020) (internal citations omitted).

**Discussion**

Because Plaintiff does not dispute that this case might have been brought in the Central District of Illinois, the Court will evaluate the relevant transfer factors.

First, the Court finds that the convenience of the parties factor is neutral. Defendant notes that its offices and records are located in Peoria, Illinois. Plaintiff responds that she lives in St. Louis and any records can be accessed electronically. The court agrees with Plaintiff and

"expect[s] that much of the documentary evidence is stored electronically." *Ascension Health Alliance v. Ascension Insurance, Inc.*, No. 4:15-cv-283 CDP, 2015 WL 5970487, at *2 (E.D. Mo. Oct. 13, 2015). Defendant has not provided compelling evidence of any substantial inconvenience it will suffer from litigating in this Court.

The Court reaches the same result when considering the convenience of the witnesses. Defendant notes that its corporate officers and representative on the subject phone call live closer to the Central District of Illinois, while only Plaintiff resides in St. Louis. Such claims are given less weight when potential witnesses are employees under Defendant's control. *Id.* Defendant has not identified, and the Court is not aware of, any non-party witnesses whose testimony may be required. The Court also takes notice that Peoria, Illinois is less than two hundred miles from St. Louis.[1] Defendant has not shown that the convenience of the witnesses factor meaningfully favors transfer.

Finally, the Court finds that the interests of justice factor slightly favors Plaintiff. "[T]he Court must give great weight to the plaintiff's choice of a proper venue." *Anheuser-Busch, Inc. v. City of Merch.*, 176 F.Supp.2d 951, 959 (E.D. Mo. 2001). Courts may give less weight to a plaintiff's choice of venue where the operative events occurred in another forum. *See Ascension*, 2015 WL 5970487, at *2. Plaintiff, however, has appropriately chosen to litigate in the forum where she received the subject phone call. Beyond Defendant's offices and employees being located in Peoria, Illinois, Defendant has not identified any other reasons why the interests of justice favor transfer.

---

[1] Though it is not integral to the decision, the Court also recognizes that many proceedings in this litigation are likely to take place virtually due to the COVID-19 pandemic, mitigating potential inconveniences.

**Conclusion**

For the foregoing reasons, the Defendant's Motion to Change Venue will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Change Venue (Doc. 8) is **DENIED**.

Dated this 27th day of August, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE